**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOBBY K. ARRINGTON, JR., *Plaintiff*, v. SANTANDER CONSUMER USA, INC., *Defendant*. | No. 25-cv-03891 (DLF) |

**MEMORANDUM OPINION AND ORDER**

Bobby K. Arrington, Jr., proceeding *pro se*, brings this action against Santander Consumer USA, Inc., seeking various forms of monetary damages, cancellation of a loan balance, and release from a lien, all in connection with a Tesla vehicle he purchased in 2024. Santander, the claimed assignee of the sales contract, seeks to compel arbitration on these issues. For the reasons that follow, the Court will (1) grant in part Santander's Motion to Compel Arbitration and Dismiss Action, Dkt. 7; (2) deny Arrington's Motions to Remand, Dkt. 14; Dkt. 20; (3) deny Arrington's Motion for Leave to File Sur-Reply, Dkt. 21; (4) deny Santander's Motion to Strike, Dkt. 24; and (5) grant Arrington's Motion to Stay Proceedings Pursuant to 9 U.S.C. § 3, Dkt. 25.

## I. BACKGROUND

In March 2024, Arrington purchased a vehicle from Tesla Motors, Inc. via a retail installment sales contract (Contract). Compl. 3, 6 (ECF pagination), Dkt. 1-2. The Contract provided that Tesla could assign its rights under the Contract to another entity. *See* Mem. in Supp. of Mot. to Compel Arbitration and Dismiss Action (Arbitration Mem.) Ex. A (Contract), at 1, Dkt. 8-1 ("You agree to pay the Seller . . . or, upon assignment, the assignee of this contract, the Amount

Financed and Finance Charge.").[1] The Contract also contained an arbitration provision that permitted either party to "choose to have any dispute . . . decided by arbitration and not in court or by jury trial." *Id.* at 5 (citation modified); *see id.* ("Any claim or dispute, whether in contract, tort, statue or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our . . . successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."). The arbitration provision further provided that any arbitration under the provision "shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration," *id.*, while a separate provision stated that the Contract was governed by both federal and Maryland law, *id.* at 4.

Tesla subsequently assigned the Contract to Santander. *See* Compl. 6. Santander, in turn, attempted to collect payments from Arrington. *See id.* at 7.

On October 9, 2025, Arrington filed suit against Santander in the Superior Court of the District of Columbia, alleging that Santander "falsely claimed" rights to payments on the Contract, "without any enforceable contract or valid assignment" that gave it "authority to collect." *Id.* at 3. In his Complaint, Arrington sought (1) "judgment for $235,500–$706,500 in statutory damages"; (2) "reimbursement of the current amount paid to [Santander] while under duress"; (3) "cancellation of balances"; (4) "lien release from the D.C. DMV"; (5) "confirmation of no enforceable contract or valid assignment"; and (6) "declaratory relief voiding any reliance on

[1] The Court considers the Contract as a document "incorporated in the complaint." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Maryland law." *Id.* In an attachment to the Complaint, under the heading "COMPENSATION SOUGHT," Arrington requested $706,500 in "Statutory damages" and $43,196 in "Emotional distress" damages. *Id.* at 8.

Santander removed the action to this Court on November 7, 2025, on the basis of diversity jurisdiction. Not. of Removal ¶¶ 5–9, Dkt. 1 (citing 28 U.S.C. § 1332). One week later, Santander filed a motion to compel arbitration and dismiss the case. *See* Mot. to Compel Arbitration and Dismiss Action, Dkt. 7. Arrington responded by filing two motions to remand pursuant to 28 U.S.C. § 1447(c), *see* Pl.'s First Mot. to Remand, Dkt. 14; Pl.'s Second Mot. to Remand, Dkt. 20, the second of which Santander moved to strike, *see* Mot. to Strike 1, Dk. 24. Arrington separately moved to file a sur-reply, *see* Mot. for Leave to File Sur-Reply, Dkt. 21, and, as an alternative to his remand motion, a motion to stay these proceedings pursuant to 9 U.S.C. § 3, Mot. to Stay, Dkt 25.

## II. LEGAL STANDARDS

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed." *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 413 (D.C. Cir. 2014). But a defendant may remove a civil action filed in state court to "the district court of the United States for the district and division embracing the place where such action is pending" so long as the district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). As relevant here, district courts have diversity jurisdiction over cases in which "*each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). The Court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 728 F. Supp. 3d 89, 102 (D.D.C. 2024). If the Court lacks

subject matter jurisdiction over a removed case, it must remand the action to state court. *See* 28 U.S.C. § 1447(c).

The Court assesses a motion to compel arbitration under Federal Rule of Civil Procedure 56(c)'s summary judgment standard, treating the motion as if it were "a request for summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008) (citation modified). "Under Rule 56(c), summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (citation modified). "The party seeking to compel arbitration must present evidence sufficient to demonstrate an enforceable agreement to arbitrate." *Mercadante v. XE Servs., LLC*, 78 F. Supp. 3d 131, 136 (D.D.C. 2015) (citation modified). "The burden then shifts to [the non-moving party] to show that there is a genuine issue of material fact as to the making of the agreement." *Id.* (citation modified). A "genuine" issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citation modified). And a "material" fact is one that "might affect the outcome of [the] suit under governing law." *Id.* (citation modified). "The Court will compel arbitration if the pleadings and the evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Haire v. Smith, Currie & Hancock LLP*, 925 F. Supp. 2d 126, 129 (D.D.C. 2013) (citation modified).

If the Court concludes that the parties "entered into a valid and enforceable arbitration agreement," it must decide "whether the claims raised in the complaint fall within" the agreement's scope. *Kindig v. Whole Foods Mkt. Grp., Inc.*, 811 F. Supp. 2d 410, 415 (D.D.C. 2011); *see Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[A] disagreement about

whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court.”). “When deciding whether the parties agreed to arbitrate a certain matter, courts generally . . . apply ordinary state-law principles that govern the formation of contracts.” *Aliron Int'l, Inc.*, 531 F.3d at 865 (citation modified).

## III. ANALYSIS

### A. Arrington's Motions to Remand

First, the Court will deny Arrington's Motions to Remand, as the parties are diverse, *see* Compl. 3; Not. of Removal ¶¶ 6–7, and the amount in controversy exceeds the $75,000 statutory threshold. “If removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.” 28 U.S.C. § 1446(c)(2). Here, Arrington's Complaint clearly requests “judgment for $235,500–$706,500 in statutory damages,” Compl. 3, while the attachment to his Complaint seeks $706,500 in “Statutory damages” and $43,196 in “Emotional distress” damages, *id.* at 8. While the Court is skeptical that Arrington could substantiate all of these claimed damages, no party disputes that they were made in good faith. *Cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (“The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.”). The Court thus accepts Arrington's amount-in-controversy allegations and concludes that it has diversity jurisdiction over this case. *See* 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

Arrington, however, attempts to walk back these allegations, claiming that Santander “removed this action despite binding pre-removal evidence establishing that the amount in controversy did not exceed $74,999.” Pl.'s First Mot. to Remand 1; *see* Pl.'s Second Mot. to Remand 2. In particular, he contends that he served Santander with “multiple written demands

expressly limiting recoverable damages to $74,999" prior to removal, but that Santander "nonetheless removed the case, relying on speculative statutory exposure and selective complaint language." Pl.'s First Mot. to Remand 2.

This argument is unpersuasive. While it appears that Arrington outlined a "Conditional Settlement Framework" of $74,999 in an October 3, 2025 correspondence that he sent to Santander prior to removal, *see* Final Demand Notice of Statutory Violations 65 (ECF pagination), Dkt. 1-2; *see id.* at 62, he represented in that same document that his "Pre-Litigation" "Statutory damages" totaled $235,500 while his "Total Federal Post-Litigation Compensation" amounted to an estimated $305,500, *id.* at 63–64. Arrington's subsequent correspondences similarly estimated Santander's "Exposure" in the hundreds of thousands of dollars. Pl.'s Supp. Jurisdictional Statement Exs. A, B, Dkt. 16. Accordingly, the very demands on which Arrington relies directly undermine his request that the Court disregard the amount-in-controversy allegations set forth in his Complaint. He may not now reinterpret those demands to circumvent removal. *Cf. St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.").

The Court further rejects Arrington's argument that "the economic realities of this case confirm that the jurisdictional threshold is not met." Pl.'s Second Mot. to Remand 3. Although Arrington notes that the outstanding balance on the Contract is "approximately $40,000" and that the market value of the subject vehicle is "materially below $75,000," *id.*, he ignores the requests for relief set forth in his Complaint, which include statutory damages and damages for emotional distress that far exceed $75,000. Compl. 3, 8. For the reasons already stated, those damages control. *See* 28 U.S.C. § 1446(c)(2).

The Court will thus deny Arrington's Motions to Remand.[2]

**B. Santander's Motion to Compel Arbitration**

The Court will also grant in part Santander's Motion to Compel Arbitration and Dismiss Action, Dkt. 7, and compel arbitration in this case. There is no dispute that the Contract contains an enforceable arbitration provision. *See* Contract 5; Pl.'s Opp'n to Mot. to Compel Arbitration (Pl.'s Opp'n) 2, Dkt. 15 ("Plaintiff does not dispute that the Tesla Retail Installment Sales Contract includes an arbitration clause."). And Santander has produced a series of documents that evidence that Tesla assigned the Contract to Santander, including a certificate of title that lists Santander as the vehicle's lienholder, Arbitration Mem. Ex. C, at 1, Dkt. 8-3, and a sworn statement from Santander's Director of Process Fulfillment attesting that, "[o]n March 27, 2024, Tesla assigned, transferred, and conveyed all of its rights, title, and interest in and to the Contract, including all payment and performance obligations thereunder, and the right to elect and enforce the Contract's arbitration provisions, to Santander," Arbitration Mem. Ex. D, ¶ 9, Dkt. 8-4; *see id.* ¶ 2. As assignee, Santander may—under Maryland law—enforce the Contract's arbitration provision. *See Crawl v. Experian Info. Sols., Inc.*, No. 15-cv-97, 2016 WL 8716597, at *6 (D. Md. Jan. 29, 2016) (collecting cases); *see also* Contract 4 ("Federal law and Maryland law apply to this contract."); *cf. Nat'l R.R. Passenger Corp. v. ExpressTrak, LLC*, 330 F.3d 523, 530 (D.C. Cir. 2003) (applying

---

[2] In light of the latitude afforded to *pro se* plaintiffs, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150–52 (D.C. Cir. 2015) (per curiam), and this Court's "inherent authority to manage its . . . docket," *Doe #1 v. Am. Fed'n of Gov't Emps.*, No. 20-cv-1558, 2023 WL 22059, at *3 (D.D.C. Jan. 3, 2023) (citation modified), the Court will deny Santander's Motion to Strike Arrington's Second Motion to Remand, Dkt. 24. The Court will, however, deny Arrington's Motion for Leave to File Sur-Reply, Dkt. 21. Sur-replies are "generally disfavored," *Hall v. U.S. Dep't of Labor*, No. 18-5100, 2018 WL 5919255, at *1 (D.C. Cir. Nov. 1, 2018), and the Court finds that Arrington's motion fails to identify any "new matters" raised in Santander's reply brief warranting a sur-reply, *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

the law of the District of Columbia where "[t]he parties' agreements provide[d] that they [we]re to be interpreted under District of Columbia law").[3]

Arrington's arguments against arbitration are unavailing.

Arrington first argues that Santander's documents "do not establish, with competent proof, that [Santander] is authorized to invoke arbitration for the disputes at issue." Opp'n 2. In particular, he argues that the certificate of title and Santander's "various communications" use "differing naming conventions across Santander entities." *Id.* at 3. Arrington's conclusory assertions regarding the veracity of Santander's documents are insufficient to create a genuine issue of material fact, and he neither identifies specific discrepancies in the naming conventions nor explains the legal significance of any such differences. "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Sakyi v. Estée Lauder Cos., Inc.*, 308 F. Supp. 3d 366, 375 (D.D.C. 2018) (citation modified). Arrington has not done so here.

Arrington further argues that Santander "has not met its burden on scope and applicability" by demonstrating that the arbitration provision "clearly covers" his claims. Pl.'s Opp'n 3 (citation modified). The Court disagrees. To start, the Supreme Court has "repeatedly held that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019). In any event, the Court does not perceive any such ambiguities here. The arbitration provision encompasses "[a]ny claim or dispute, whether in

---

[3] Santander appears to argue that D.C. law governs the question of assignment. *See* Arbitration Mem. 6–7. Under D.C. law, the result is the same—Santander can enforce the arbitration provision. *See Reinhardt v. Guidehouse Inc.*, No. 22-cv-1237, 2025 WL 2603688, at *9–10 (D.D.C. Sept. 9, 2025).

contract, tort, statute or otherwise" that "arises out of or relates to," among other things, (1) the "purchase or condition of th[e] vehicle"; or (2) the "[C]ontract or any resulting transaction or relationship (including any such relationship with third parties who d[id] not sign [the Contract])." Contract 5. Arrington does not identify—and the Court does not itself note—any claims that fall outside of the arbitration provision's scope.

Finally, Arrington argues that "procedural fairness / notice problems reinforce that compelling arbitration is unwarranted on this record," as "key contract materials were not provided until August 11, 2025," and Santander "later submitted documents reflecting an incorrect address in purported proof-of-sending." Pl.'s Opp'n 3 (citation modified). But Arrington does not develop this argument further, and the Court finds any notice argument unpersuasive in light of the Contract's clear assignment language and arbitration provision. *See* Contract 1, 5.

For the reasons stated, the Court will compel arbitration on Arrington's claims.

**C. Arrington's Motion to Stay**

The Court will, however, grant Arrington's Motion to Stay Proceedings Pursuant to 9 U.S.C. § 3. Pl.'s Mot. to Stay 1, Dkt. 25. Section 3 of the Federal Arbitration Act "provides that, when any issue in a suit is subject to arbitration, the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (quoting 9 U.S.C. § 3). Thus, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 . . . compels the court to stay the proceeding." *Id.* at 478. Because Arrington has requested, and Santander has not opposed, such a stay, the Court will deny

Santander's request to dismiss this action and will instead stay proceedings while the parties proceed with arbitration.

* * *

For the foregoing reasons, it is

**ORDERED** that Santander's Motion to Compel Arbitration and Dismiss Action, Dkt. 7, is **GRANTED in part** and **DENIED in part**; the parties shall arbitrate Arrington's claims. It is further

**ORDERED** that Arrington's Motions to Remand, Dkt. 14; Dkt. 20, are **DENIED**. It is further

**ORDERED** that Arrington's Motion for Leave to File a Sur-Reply, Dkt. 21, is **DENIED**. It is further

**ORDERED** that Santander's Motion to Strike, Dkt. 24, is **DENIED**. Finally, it is

**ORDERED** that Arrington's Motion to Stay Proceedings Pursuant to 9 U.S.C. § 3, Dkt. 25, is **GRANTED**; proceedings in this case shall be stayed pending arbitration.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

August 12, 2026